NO. 12-05-00423-CV
IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS
§
IN RE: MICHAEL KENNEDY,                        §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            Michael Kennedy seeks a writ of mandamus requiring the trial court clerk to send his first
and second notices of appeal to this Court. We dismiss the petition for want of jurisdiction.
            The legislature has not conferred authority on courts of appeals to issue writs of mandamus
generally. See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004). We may issue a writ of mandamus
and all other writs necessary to enforce the jurisdiction of the court. Id. § 22.221(a). We may also
issue a writ of mandamus against a judge of a district or county court in the court of appeals district
or a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52,
Code of Criminal Procedure, in the court of appeals district. Id. § 22.221(b). Because we are not
specifically authorized to issue a writ of mandamus against a trial court clerk, we may do so only
where the writ is necessary to enforce our jurisdiction. 
            Here, Kennedy alleges that he filed his first notice of appeal in appellate cause number 12-05-00405-CR on October 19, 2005 and subsequently filed a second notice of appeal. The clerk’s
records indicate that Kennedy’s fourth notice of appeal was received on November 28, 2005. We
received this notice of appeal from the clerk on December 13, 2005. The clerk’s records also show
that Kennedy’s first notice of appeal was received on December 27, 2005. That notice of appeal was
not forwarded to this Court. The clerk has no record of receiving any other notices of appeal from
Kennedy in appellate cause number 12-05-00405-CR.
 
 
            Kennedy’s fourth notice of appeal was sufficient to invoke the jurisdiction of this Court,
subject to other applicable law. Thus, the trial court’s clerk’s failure to forward Kennedy’s first
notice of appeal, which was received after his fourth notice of appeal had been forwarded to this
Court, did not affect the jurisdiction of this Court. Kennedy’s allegations do not show that the
issuance of a writ of mandamus against the trial court clerk is necessary to enforce our jurisdiction. 
Therefore, we have no jurisdiction to grant the requested relief. Accordingly, Kennedy’s petition
for writ of mandamus is dismissed for want of jurisdiction.
 
                                                                                                     SAM GRIFFITH 
                                                                                                              Justice


Opinion delivered January 18, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





















(PUBLISH)